UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | : <br> : <br> : MDL No. 1456 <br> : |
| THIS DOCUMENT RELATES TO: | : Civil Action No. 05-10179-PBS <br> : |
| *COUNTY OF NASSAU v. ABBOTT LABORATORIES, INC., et al.* | : Judge Patti D. Saris <br> : <br> : |
| E.D.N.Y. Case No. 04-CV-5126 | : |

**PLAINTIFF COUNTY OF NASSAU'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO FILE <u>UNDER SEAL</u>**

Plaintiff County of Nassau ("Plaintiff" or "Nassau County"), by and through its attorneys, respectfully submits this memorandum of law in support of its motion for leave to file a Second Amended Complaint (the "Complaint") pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a).[1]  For the reasons set forth below, Plaintiff's motion should be granted in its entirety.

**I.
<u>BACKGROUND</u>**

Plaintiff filed its initial complaint on November 24, 2004 and its Amended Complaint on March 17, 2005.  On April 25, 2005, this case was consolidated with the above-captioned case. The County of Suffolk had filed its Amended Complaint on August 1, 2003.  This Court partially dismissed the Suffolk Amended Complaint with leave to amend on September 30, 2004.  In October 2005, thirty-one New York counties or municipalities including Suffolk County and

---

[1] A copy of Plaintiff's proposed Second Amended Complaint is attached to the Motion For Leave To File A Second Amended Complaint And To File Under Seal as Exhibit A.

New York City filed a Consolidated Complaint under seal with leave of this Court.[2] Since that time, Plaintiff has coordinated and exchanged information with the New York Counties in order to submit a Second Amended Complaint that is similar to the Consolidated Complaint. The harmonization of the complaints will allow the Defendants and this Court to consider both complaints in an effective and efficient manner.

Through this coordination process, Plaintiff has learned additional highly relevant information which has been incorporated into the Second Amended Complaint. Plaintiff has contacted opposing counsel to request consent to file this Complaint. Defendants have refused to consent to Plaintiff's request even though a similar complaint has been filed by the roughly thirty-one (31) other New York Counties. For the foregoing reasons, Plaintiff now seeks leave of this Court to file a Second Amended Complaint.

### A. The Initial Complaint

Plaintiff alleges that Defendants have engaged in a systematic and pervasive fraudulent scheme to cause the collection of inflated prescription drug payments from Nassau County. This scheme involved the reporting of fraudulently inflated Average Wholesale Prices ("AWPs") or Wholesale Acquisition Costs ("WACs") to third-party reporting services such as the Blue Book, Medispan or RedBook, which calculate and publish the prices based solely on data provided by Defendants. Plaintiff reimburses approximately 25% of New York State Medicaid costs, including the cost of prescription drugs, paid to medical providers based on published AWPs. *See* N.Y. Soc. Serv. L. §§ 367-a and 368-a; 42 U.S.C. § 1396. Plaintiff alleges that Defendants promoted their drugs by demonstrating to medical providers the profitability of prescribing their

---

[2] The other plaintiffs include the City of New York and the Counties of Albany, Allegany, Broome, Cattaraugus, Cayuga, Chautauqua, Chenango, Fulton, Genesee, Greene, Herkimer, Jefferson, Madison, Monroe, Niagara, Oneida, Onondoga, Putnam, Rensselaer, Rockland, St. Lawrence, Saratoga, Steuben, Suffolk, Tompkins, Warren, Washington, Wayne, Westchester and Yates ("New York Counties").

drugs and receiving Medicaid reimbursements based on the AWPs, a practice known as "marketing the spread." Plaintiff further alleges that Defendants also failed to report the "best price" for their drugs pursuant to 42 U.S.C. § 1396r-8 and New York Social Services Law § 367-a(7)(d), by excluding certain discounts and rebates from their reporting of best prices. Defendants thereby avoided paying rebates to Medicaid and avoided disclosing the true best price, which would require a reduction in the reported AWP. In 2004 alone, Nassau County's Medicaid reimbursement expenditure totaled approximately $26 million and the alleged scheme caused it to substantially overpay for certain pharmaceutical products.

> B.    **The Second Amended Complaint**

Plaintiff's Second Amended Complaint contains new allegations, drops five previously named companies from the litigation,[3] and names the proper subsidiaries responsible for manufacturing, marketing, and selling the products in question. The proposed Second Amended Complaint does not seek to raise any new claims against any of the defendants or join any new parties. Moreover, Plaintiff now seeks to file a more particularized pleading which alleges additional facts which further illustrate Defendants' improper course of conduct. The Second Amended Complaint, for example, alleges with specificity that: (i) certain defendants instructed their sales staff to market the spread and provided worksheets to demonstrate to customers the profitability of selling drugs with fraudulently inflated AWPs, *e.g.,* complaint at ¶¶ 119-202, 246-247, 268, 541; and (ii) some defendants engaged in "spread shopping," comparing their AWP spreads with those of competitors to calculate the AWP that would be most lucrative for their customers, *id.* at ¶¶ 203, 420. In addition, Plaintiff is able to present a more accurate accounting of the potential damages incurred as a result of Defendants' behavior. *Id.* at Exhibit

---

[3] The defendants dropped from the complaint include Berlex Laboratories, Inc.; Genentech, Inc.; Genzyme Corp.; Reliant Pharmaceuticals; and Takeda Pharmaceuticals North America, Inc.

3

A.  Defendants will not be prejudiced by Plaintiff's timely amendment of its complaint.  Thus, pursuant to Fed. R. Civ. P. 15(a), Plaintiff respectfully requests that its motion to file the Second Amended Complaint be granted in its entirety.

## II.
## ARGUMENT

**A.     Plaintiff's Motion To File An Amended Complaint Should Be Granted
         Under Fed. R. Civ. P. 15**

Leave to file an amended pleading "shall be freely given when justice so requires."  Fed. R. Civ. P. 15 (a).  The Supreme Court has held that amendments to pleadings should be liberally allowed.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Maddalone v. Okada Shosen, KK*, 756 F.2d 886, 887 (1st Cir. 1985) (the "federal rule governing amendment of the pleadings is liberal").  Denial of a motion for leave to amend in the absence of a justifying reason constitutes an abuse of discretion and is "inconsistent with the spirit of the Federal Rules."  *Id.*  In *Foman*, the Supreme Court explained:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'

371 U.S. at 182; *see also Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir. 1996) ("Unless there appears to be an adequate reason for the denial of leave to amend (e.g., undue delay, bad faith, dilatory motive, futility of amendment, prejudice), we will not affirm it.").

Plaintiff's motion to file its proposed Second Amended Complaint should be granted under the liberal policy in favor of allowing the amendment of pleadings.  Plaintiff seeks to amend its Complaint in order to include newly obtained, highly relevant facts which particularize

4

its pleading.  These additional allegations are consistent with the course of fraudulent conduct alleged in earlier complaints and the allegations contained in the recently filed Complaint of the thirty-one (31) other New York counties.

Additionally, none of the factors identified by the Supreme Court in *Foman* as reasons for denying a motion to amend are present in this case.  Plaintiff has moved to file an amended complaint in a reasonably prompt manner and there is no suggestion that Plaintiff seeks to amend its complaint in bad faith or for a dilatory purpose.  Rather, Plaintiff has moved to amend its complaint solely for the purpose of clarifying the scope of the pleadings and to harmonize its complaint with the Complaint of other New York Counties.

Most significantly, Defendants will be unable to demonstrate that they will suffer any prejudice if Plaintiff is allowed to file its Second Amended Complaint.  As courts and commentators have recognized, "the most important factor listed by the Court [in *Foman*] and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading."  6 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 1487 (1990).  Absent a showing of prejudice, courts normally grant plaintiffs leave to amend their pleadings.  *Id*; *see also Carmona v. Toldeo*, 215 F.3d 124, 136 (1st Cir. 2000) ("'[d]elay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading'") (quoting *Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982)).

In this case, the filing of the Second Amended Complaint will not prejudice Defendants in any way, as the proposed amendments do not add any additional claims or parties and are entirely consistent with the theory of the case set forth in the Amended Complaint.  Moreover, the proposed amendments will considerably ease the burden on Defendants, as they will be able to respond to uniform complaints.  Finally, Defendants have been in possession of a version of

Nassau County's Second Amended Complaint for months. Defendants received a copy in connection with Nassau County's request for consent. Defendants have not articulated what prejudice they will suffer if this amendment is allowed. Accordingly, Defendants will be unable to demonstrate that they will sustain any prejudice, much less undue prejudice, if the Court grants the pending motion. *See, e.g.*, *Manchester v. National Gypsum Co.*, 637 F. Supp. 646, 652-653 (D.R.I. 1986) ("Because the amendment the plaintiff proposes merely elaborates the allegations of its original complaint and will entail no prejudice to the defendants, the motion to amend is granted."); *Downey v. Coalition Against Rape & Abuse, Inc.*, 143 F. Supp. 2d 423, 437 (D.N.J. 2001) (granting leave to file amended complaint where "the Amended Complaint only elaborates upon the theories present in the initial complaint" and defendants would not be unduly prejudiced). Accordingly, Plaintiffs request for leave to amend should be granted.

**B.     Because Plaintiffs Second Amended Complaint Contains Confidential Information, Leave Should Be Granted To File Under Seal**

Plaintiff Nassau County's Second Amended Complaint contains references to data derived from a confidential source of market price data. In addition, the Complaint refers to documents collected from other plaintiffs in related cases in which this Court allowed the thirty-one (31) other New York Counties to file and Amended Complaint under seal. Therefore, subject to the December 13, 2002 Protective Order, at ¶ 15, Plaintiff requests leave to file its Second Amended Complaint, as well as Exhibits A and B thereto, under seal.

### III.
### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion for leave to file its proposed Second Amended Complaint under seal.

Dated: January 6, 2006
      New York, New York

                                 LORNA B. GOODMAN,
                                 Nassau County Attorney, by

                                 **MOULTON & GANS, P.C.**

                                 /s/ Nancy Freeman Gans
                     By:  Nancy Freeman Gans, BBO # 184540
                                 33 Broad Street, Suite 1100
                                 Boston, Massachusetts 02109-4216
                                 Telephone: 617-369-7979
                                 Facsimile: 617-369-7980

                                 **MILBERG WEISS BERSHAD**
                                  **& SCHULMAN LLP**
                                 Melvyn I. Weiss
                                 Michael M. Buchman
                                 Ryan G. Kriger
                                 One Pennsylvania Plaza
                                 New York, New York 10119-0165
                                 Telephone: (212) 594-5300
                                 Facsimile: (212) 868-1229

                                 *Special Counsel for the*
                                 *County of Nassau*

### CERTIFICATE OF SERVICE

     I, Ryan G. Kriger, hereby certify that I served a copy of the foregoing document upon counsel for all parties this 6th day of January, 2006.

                                 /s/ Ryan G. Kriger
                                 Ryan G. Kriger